UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

01 JUN 18 PM 2:01

| | | |
|---|---|---|
| ILLINOIS NATIONAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 00-J-1676-NE |
| | ) | |
| ENVIRONMENTAL SERVICE LABORATORIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

ENTERED
JUN 1 8 2001

## MEMORANDUM OPINION

This cause comes before this court on plaintiff's motion for summary judgment (doc. 20). At issue is whether the policy plaintiff provided defendant Environmental Service Laboratories, Inc. ("ESL") covers the type of claims which have been made against ESL by Harvey Pride, Roger Lowery, and Pride /Lowery Rentals ("Pride/Lowery") in an underlying state court action.

### Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the

24

moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since the complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp.,* 477 U.S. at 322-23. The party moving for summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the pleadings or filings which it believes demonstrates the absence of a genuine issues of material fact. *Id.* at 323. The burden then shifts to the non-moving party to "go beyond the pleadings and by ... affidavits, or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, Fed.R.Civ.Pro. 56(e). In meeting this burden the non-moving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed.R.Civ.Pro. 56(c); *Matsushita*, 475 U.S. at 587, *see also Anderson*, 477 U.S. at 249. The non-movant must "demonstrate that there is indeed a material issue of fact precluding summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608

(11th Cir.1991). A factual dispute regarding a non-material issue will not preclude the defendant from succeeding on a motion for summary judgment. *Brown v. American Honda Motor Co.*, 939 F.2d 946, 953 (11th Cir.1991).

On motions for summary judgment, the court shall construe the evidence and factual inferences arising therefrom in the light most favorable to the non-moving party. See *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The substantive law will identify which facts are material and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). All "reasonable doubts" about the facts and all justifiable inferences are resolved in favor of the non-movant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). However, all "doubts" need not be so resolved. *Barnes v. Southwest Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *Id.* at 249. The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Holcombe v. Alabama Dry Dock & Shipbuilding*, 1998 WL 758012 (S.D.Ala.); citing *Anderson*, 477 U.S. at 251-252.

**Analysis**

Pride/Lowery Rentals hired ESL to perform an environmental site assessment on

3

property Pride/Lowery Rentals was considering purchasing. (Lowery depo., p. 41-42). The purpose of the assessment was to determine whether the property was considered a wetland. *Id.* On February 17, 1995 ESL reported the land was not a wetland. (Grimes depo., p. 30). Pride/Lowery then obtained financing and purchased the property. (Pride depo., p. 47-48).

Approximately four year later, Pride/Lowery decided to sell the property. (Lowery depo., p.57). A prospective buyer required another environmental assessment and one was performed by QORE Property Sciences. (Lowery depo., p. 60, 64). The QORE assessment revealed the property was a wetland and as a result Harvey Pride and Roger Lowery had to pay a $92,000.00 wetland credit. (Lowery depo., p. 84-85; Pride depo., p. 59-60). Pride/Lowery then filed suit against ESL and Russell Grimes alleging suppression, reckless misrepresentation, and negligence. Illinois National Insurance Company then filed this action seeking a declaration by the court that the general liability policy it issued to ESL for the period of February 13, 1993, to February 13, 1997 does not cover the acts and damage Pride/Lowery alleges in the state court action.

The policy issued to ESL covers "'bodily injury' or 'property damage' . . . caused by an 'occurrence' that takes place in the 'coverage territory'; and . . . during the policy period." (Plaintiff's exhibits G-J). Occurrence is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." *Id.* The court agrees with plaintiff that an erroneous conclusion, ESL's environmental assessment, is not an occurrence for this coverage. *See United States Fidelity & Guaranty*

*Co. v. Warwick Development co., Inc.*, 446 So.2d 1021, 1023 (Ala. 1984).

Furthermore the damage Pride/Lowery claims in the state court action is not covered by this policy. The policy defines "property damage" as (1) physical injury to tangible property or (2) a loss of use tangible property that is not physically injured. (Plaintiff's exhibits G-J). Roger Lowery testified that the property incurred no physical damage as a result of ESL's work. (Lowery depo., p. 83). Both Lowery and Harvey Pride testified that there was no loss of use to the property as a result of ESL's work. Lowery depo., p. 81-82; Pride depo., p. 81). The $92,000.00 wetland penalty is not property damage for purposes of this policy. *See American States Inc. Co. v. Martin*, 662 So.2d 245 (Ala. 1995).

The only "bodily injury" claimed in the state court action is mental anguish. The policy's coverage expired on February 13, 1997. (Plaintiff's exhibit J). Pride and Lowery testified that their mental anguish began in 1999 when they discovered that ESL's assessment was incorrect. (Pride depo., p. 71; Lowery depo., p. 78-79). For purposes of determining when an injury occurs the court must look to the time of actual damage rather than when the act took place. *American States Ins. Co. v. Martin*, 662 So.2d 245 (Ala. 1995). As the mental anguish occurred outside the coverage period the policy does not cover such damage.

Based on the foregoing the court finds no issues of material fact remain and plaintiff's motion for summary judgment (doc. 20)is due to be **GRANTED**. No coverage is afforded to ESL or Grimes with regard to the litigation between ESL and Grimes and

Pride/Lowery. Plaintiff is not obligated or liable to defend against the suit brought by Pride, Lowery, and Pride/Lowery Rentals and/or to pay any judgment or costs arising from said suit. Judgment shall be entered on behalf of the plaintiff.

**DONE** and **ORDERED** this __18__ day of June 2001.

> _____
> INGE P. JOHNSON
> UNITED STATES DISTRICT JUDGE